# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANASTACIO RODRIGUEZ,

      Plaintiff,

v.                                    No. 98cv0304 LH/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Rodriguez's) Motion to Reverse and Remand Administrative Decision, filed January 29, 1999. The Commissioner of Social Security issued a final decision denying Rodriguez's applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

Rodriguez, now forty-four years old, filed his applications for disability insurance benefits and supplemental security income on June 10, 1993, alleging disability since October 26, 1992, due to degenerative disc disease, lumbar strain, depression, and somatoform disorder. On August 24, 1994, the Commissioner's Administrative Law Judge (ALJ) found Rodriguez could perform the full range of light work, and thus, under the grids, he was not disabled. On December 15, 1994, the Appeals Council denied review of the ALJ's decision. Rodriguez appealed to this Court. On November 3,

1995, United States Magistrate Judge William W. Deaton recommended the case be remanded to fully consider the relationship between his mental condition and allegations of pain. The recommendation was adopted by United States District Judge C. LeRoy Hansen on December 6, 1995.

On February 21, 1995, Rodriguez filed his second set of applications for disability insurance benefits and supplemental security income, again alleging disability since October 26, 1992. The applications were denied initially and on reconsideration dated May 5, 1995. On June 1, 1995, Rodriguez amended his onset date to August 25, 1994. On March 4, 1996, Rodriguez requested leave to withdraw his hearing request on the 1995 set of applications. On August 12, 1996, the ALJ dismissed the 1995 applications. Thus, the May 5, 1995 reconsideration denial became the final decision with respect to the period from August 24, 1994 to May 5, 1995.

The ALJ held a hearing pursuant to the remand on March 26, 1997, at which a medical expert and a vocational expert testified. At the hearing, counsel for Rodriguez informed the ALJ he had been working as a hand packer since June, 1996, and requested a closed period of disability from October 26, 1992, to February 28, 1997, which allowed nine months for a trial work period. After the hearing, the ALJ vacated the August 12, 1996 dismissal order and consolidated the 1995 applications with the 1993 applications.

The ALJ found Rodriguez had the residual functional capacity for the wide range of light work. The ALJ concluded Rodriguez could perform his past relevant work as a hand packer. The ALJ also determined, based on the testimony of the vocational expert, that Rodriguez could also perform the job of short order cook. Thus the ALJ concluded that Rodriguez was not disabled within the meaning of the Social Security Act. The Appeals Council denied Rodriguez's request for review

of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Rodriguez seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and

3

416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse and remand, Rodriguez argues the ALJ erred in finding there were a sufficient number of short order cook jobs because the vocational expert testified there were only 120 short order cook jobs in New Mexico. Respondent counters the ALJ actually decided this case at step four. Respondent is correct. While the ALJ made an alternative finding at step five, he in fact decided at step four that Rodriguez could perform his past relevant work as a hand packer. Thus, the burden of proof never shifted to the Commissioner at step five. Since the burden of proof never shifted to the Commissioner, there was no need to establish a sufficient number of short order cook jobs existed.

In any event, the Commissioner satisfied his burden at step five. The issue of whether a significant number of jobs exists is based on a determination of their existence in the national economy, not the regional economy. 20 C.F.R. § 404.1566, 416.966. The vocational expert testified there were 714,000 short order cook jobs in the national economy. This represents a significant number of jobs. Thus, the ALJ met his burden at step five.

In his reply brief, Rodriguez argues Judge Deaton's November 3, 1995, determination that whether Rodriguez could perform his past relevant work was " not an issue in this case" is entitled to preclusive effect under the doctrine of law of the case. In advancing this argument, Rodriguez fails to recognize that at the rehearing after remand, he had been working as a hand packer since June, 1996. Since he had not been employed as a hand packer at the time of Judge Deaton's decision, the doctrine of law of the case does not apply.

4

Rodriguez argues the ALJ failed to consider the impact of non-exceptional impairments at step four and step five of the analysis. In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d at 1395 (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ followed the *Luna* analysis and his determination is supported by substantial evidence.

Rodriguez contends the ALJ did not properly evaluate the impact of his mental impairment. Dr. Rodriguez performed a psychological evaluation on July 10, 1995. Tr. 360-367. Dr. Rodriguez diagnosed major depression and recommended that psychotherapy might be helpful. The ALJ throughly analyzed Dr. Rodriguez's mental assessment. The ALJ concluded his mental impairment did not interfere with his ability to work as a hand packer. This determination is supported by substantial evidence and the ALJ applied correct legal standards.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and his decision is supported by substantial evidence. Rodriguez's Motion to Reverse and Remand Administrative Decision, filed January 29, 1999, should be denied and this case should be dismissed with prejudice.

                                                **JOE H. GALVAN**
                                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.